1809.

Sunbury,
Saturday,
July 15.

DOUGLASS and another *against* BEAM and another executors of BEAM.

ERROR to the Common Pleas of *Dauphin* county.

The plaintiffs declared upon a bond dated the 20th day of *May* 1799. The defendants craved *oyer*, and then pleaded *payment*, upon which issue was joined. *Held* that upon this issue after *oyer*, the plaintiff might give in evidence a bond dated the twentieth*eght* day of *May* 1799.

A variance between the declaration and the bond of which *oyer* is given, is matter of demurrer, but not of error. Where the docquet entries set forth that "*defendant* "*craves oyer of* "*writ and bond,* "*and special im-* "*parlance,*" and then that "*de-* "*fendant pleads* "*payment with* "*leave, &c.*" the bond is considered by the practice in *Pennsylvania,* as having been placed on the record.

The plaintiffs below declared in debt upon a bond dated the *twentieth* day of *May* 1799. By the short entries on the docquet, the defendants craved " oyer of the writ and bond, " and a special imparlance," and afterwards pleaded " pay- " ment, with leave to give special matter in evidence," upon which plea issue was taken.

Upon the trial the plaintiffs produced a bond dated the twentieth*eght* day of *May* 1799, to the reading of which in evidence the defendants objected upon the ground of the variance; but the Court, thinking the word *eght* insensible, admitted the evidence, and, at the request of the defendant's counsel, reduced their opinion and the reasons for it to writing, agreeably to the act of 24th *February* 1806, and they accompanied the record. After the removal of the cause by writ of error, the counsel of the plaintiffs in error gave notice to the opposite party, to produce at the argument the bond upon which the suit was brought; and accordingly the bond given in evidence below was produced, and verified by the oath of the attorney who brought the suit, and in whose possession it had remained ever since.

*Elder* and *Hopkins* for the plaintiffs in error, argued that the plea of payment admitted only a bond of the 20th *May* 1799, which they accordingly came prepared to meet; but the bond produced bearing a different date, the plea did not relate to it, and of course no issue was taken as to the payment of it. Had oyer of the bond been placed upon the record, it would have been competent to them to demur for the variance; but that not being done, no course was open but to object to the evidence upon the ground that it was impertinent to the issue. The only material question then was, whether a variance existed. The declaration, the profert, the plea and replication, were all founded on a bond of the 20th *May*, and the bond offered in evidence was of the

twentieth*eght*, that is the twenty-eighth of *May.* The day was certainly material, as it is always matter of substance in written contracts. It identified the bond. A bond of a different date was a different bond, to be encountered perhaps by a different plea, and was wholly irrelevant to the issue. Variances slighter than this had been fatal, as *nor* for *not* in Dr. *Drake's* case (a) and in *Bristow* v. *Wright* (b). The true rule was given by *Buller* in *King* v. *Pippett* (c), that in cases upon contracts it is necessary to set out the contract in the declaration, and if it is different in any part, the whole foundation of the action fails, because the contract is entire. It was true the defendants might have demurred, had oyer been given, but they might also upon the trial object to the evidence. *Steele* v. *Lock Navigation Company* (d).

*Fisher* and *Duncan* for the defendants in error argued, that by the entry on the doquet according to the practice in this state, the bond must be considered as spread upon the record before plea, and therefore if a variance existed, it was the duty of the defendants to plead it in abatement, as in *Roberts* v. *Harnage* (e) and *Coan* v. *Bowles* (f), or to demur; it was not a matter to be assigned for error. *Gravenor* v. *Stephens* (g). But in truth there was no variance. The word *eght* was rejected as nonsense, for which the case of *King* v. *Pippett* was a clear authority; for it was a settled rule that nothing should be deemed a variance which could be helped by any construction the case could admit of. *Cook* v. *Duchess of Hamilton* (h). The date moreover was immaterial; there was no occasion to lay it. *Woodcock* v. *Morgan* (i). Even upon *non est factum* the substantial part of the issue would be the delivery. *Lane* v. *Pledall* (k). Such a variance would not support a demurrer; *Lane* v. *Green* (l); *a fortiori* it was of no importance upon the issue of payment, where the only use of producing the bond was to shew whether payments were indorsed. Whatever in pleading was alleged by one party, and not denied by the other, was admitted. The plaintiffs alleged a bond, and set it out upon

1809.

DOUGLASS
*v.*
BEAM.

(a) 2 *Salk.* 660.
(b) *Doug.* 668.
(c) 1 *D. & E.* 240.
(d) 2 *Johns.* 286.

(e) 2 *Salk.* 659.
(f) 1 *Show.* 171.
(g) 10 *Mod.* 166.
(h) 10 *Mod.* 368.

(i) 6 *Mod.* 306.
(k) *Cro. Jac.* 136.
(l) 12 *Mod.* 651.

oyer; the defendants confessed, and tried to avoid it. If this variance could be set up, then the plea of payment was equivalent to *non est factum*, that is, the admission of the bond was the same thing as the denial of it; and by whatever means the variance was brought to the notice of the court, whether by an objection to evidence or otherwise, the same result would follow. In fact the variance was waived by the plea; and of course the bond offered in evidence, was pertinent to the issue, because by the pleading it was agreed to be the bond declared upon.

TILGHMAN C. J. after stating the case, delivered his opinion as follows:

When the defendants had oyer of the bond, they might have taken advantage by demurrer, of any material variance between the declaration and the bond; but they cannot take such advantage on a writ of error. The point however is, whether the bond ought to have been read in evidence. The Court of Common Pleas were of opinion that there was no variance, because the word *eght* was insensible, and should be rejected. If the case rested solely on that, I will not give a positive opinion how the law would be. Courts have gone a great way in support of an action. Strictly speaking the word *eght* is insensible. I confess however the inclination of my mind to be, that the date is to be considered as the *twenty-eighth* of *May;* but I speak this with deference to others who hold a contrary opinion. I have no doubt however that upon the issue of *payment*, after oyer, the bond was properly received in evidence; the variance was altogether foreign from the issue, and was waived by the plea of payment. The only difficulty which has occurred to my mind is, that although oyer was prayed, the bond was not placed on the record. But upon reflection and consultation with my brethren, who have had very long experience in the practice of the courts, I am satisfied that the bond is to be considered as having been placed upon the record. It is our practice to make short entries, without making up the full record. This custom, which was adopted to save time and expense, is often attended with the inconvenience which results from want of certainty. A very great inconvenience it is, but it must be submitted to; for it would produce incalculable mis-

chief, if this court should all at-once proceed to reverse the judgments of inferior courts, because the papers referred to in short minutes were not inserted on the record. It is evident that the counsel for the plaintiffs in error considered the bond as part of the record, because they gave notice to the adverse counsel to produce it on the argument in this court, which would have been altogether improper if it was not part of the record. In consequence of this notice it has been produced, and verified by the oath of the counsel who brought the action, and in whose possession it has always been.

I am of opinion on the whole of this case, that there is no error in the proceedings in the Common Pleas, and that the judgment of that court be affirmed.

YEATES J. of the same opinion.

BRACKENRIDGE J. of the same opinion.

Judgment affirmed.