The opinion of the court was delivered by
Duncan. J.
There are numerous errors assigned, all of which it is unnecessary to consider, as there is one objection no verdict could cure. There is no precise time alleged, during which the plaintiff in error used the stills; nor an averment of the amount of the double duties. And there are double penalties given for the same offence. The infliction is not of several penalties for every still used, but for the use of any still or stills, or other implements *196 used in distilling spirituous liquors. The use of the still or stills was a single act, for which one single penalty only can be recovered. The judgment shows from its amount, that the double penalties were given. It. is a verdict and judgment on the whole demand of the United States, for two forfeitures claimed by them. If there were two separate counts, one good and one bad, the court would award a venire facias de novo, to enable the plaintiffs to proceed on the good count. But here all is laid in one count. If the unsound part were mere surplusage, on which it might be presumed the jury could not have acted, that might be rejected. But this was not mere surplusage, it was an allegation of substance, that the defendant had forfeited two sums of money, which the United States claimed ; and it is certain that they have obtained a verdict and judgment for both. Both matters were actionable, equally so. And the rule is,'that where a count in a declaration, contains a sufficient cause of action, connected however with matter insensible and void, or not actionable, it would be intended after verdict for plaintiff, that the sum given is only for that part which is actionable. 15 Johns. 121. But where the plaintiff declares on a contract, consisting of several parts, and among other breaches assigns one, which from his own showing, could not have taken place before the action brought, if damages are assessed generally, the court cannot intend that the damages were only given for the actionable part. 2 Binn.-287. The time for which the double duties were demanded, and the sum should have been stated. 'Even in a civil action, verdict would not cure that defect. It is a defect in title, there is nothing from which any presumption can be made. In an action for the hire of a horse, without skying for what time, or for what price, it would be bad after verdict. But this is an action on a penal statute, where greater strictness is required, and where the offence must be laid with certainty. Davy v. Balter, 4 Burr. 2471. By the act for preventing bribery at parliamentary elections, it is enacted, “ that if any person shall ask or receive or take any money, orother reward, he shall forfeit £ 500.” The declaration stated the very words of the act, that the defendant did receive a gift or reward, without stating, what he received or took as a reward. There was a verdict on the general issue for the plaintiff; but the court arrested the judgment. Lord MansViejod, said the declaration was bad, and being upon a criminal charge, it ought to have been laid with certainty; that being after verdict makes no difference; it may be taken advantage of in arrest of judgment; it is not too late. And Mr. Justice Yeates, said it is clearly bad, it ought to have been laid with certainty, so as to be pleadable in another action. For this reason the judgment is reversed.
On the matter of jurisdiction, it is sufficient to observe, this court has often sustained actions on penal acts of congress, for the penalty, where the penalty is made recoverable in the state courts. And *197 although convenience is no justification for the usurpation of power, yet as the court does not see how this conflicts with the constitution of the United States, the inconvenience may be considered; anditwould bean intolerable inconvenience and grievance, in an action for a petty penalty, to draga man from the most remote corner of the state, to the seat of the federal judiciary. It is too late to object to the defect in the original writ, or the variance between that and the declaration. 1 Saund. 318. It must after oyer of the writ, be pleaded in abatement, and is a cause of’demurrer; certainly it is not a matter of error. 2 Binn. 76. After plea pleaded, it is too late to take advantage of variance between the writ and declaration. 12 Johns. 430.
The writ itself, here, if advantage bad been taken of it in proper time, is defective. All actions of debt must be for numerical sums; formerly it was held, that if a less sum was recovered than that demanded in the writ, it was fatal, but this is not now the law; for where the entire sum is demanded, and it is shown by the counts to consist of several distinct items, or where it is diminished by extrinsic circumstances, this is good. 8 Wheat. 294.
So, where the penalty consists of not one entire act, but the amount depends on its continuance, as here, double duties for the time a still is used without license, there you may recover a less sum, 1 Peters Rep. 145; but where it is for one single act, with an ascertained penalty, the writ must be precise, and for that sum; for instance,- marrying a minor without the license of his parents; or, as here, using a still. But in all cases of debt, except under the statement law, which gives the form of writ, where a plaintiff claims a debt on contract, the writ must be for a certain sum; the object of the action being to recover a sum of money eo nomine.
As to the costs claimed by the plaintiff in error, for the costs recovered on the arbitration against the United States, besides the insurmountable difficulties of rendering a special judgment-against the United States, all the proceedings before the arbitrators were coram non judice. Debt for a penalty on a penal statute, is not within - the arbitration law; it only embraces rcivil suits or actions. An action for a penalty inflicted for an offence, is not a civil action. In Davy v. Baker, before cited, the action, such as this, is called a criminal charge,-and not a civil action, unless there is a special provision; Statutes of amendment do not expend to penal actions; but there is no difference between penal and other actions, as to judgments at common law. The act of 21st of March, 1806, allowing amendments after jury sworn, does not'extend to this speciesof action, butonlytoactions'for money owing, or due,or for damages by trespass or otherwise. It is as far from the word, as it is from the spirit of the' arbitration law, to include penal actions. An offender cannot say to the United . States, or to the state, I will arbitrate this matter with you. Now, as the arbitration was entered by plaintiff in error, and appeal by *198 him, it is unreasonable that he should recover costs, which have been caused by his own erroneous proceedings. This action falls within none of the provisions of the arbitration law; all that was a mere nullity. The court, therefore, only order judgment ef reversal.
Judgment reversed.