The opinion of the court was delivered by
Gibson, C. J.
The right of trial by jury is supposed to be guarded by the constitution, and we are, therefore, to construe acts of assembly, which admit of construction, and would otherwise impair it, so as not to infringe on the constitution. The penalty in question, is made recoverable as debts of less amount than five dollars and thirty-three cents are recoverable, in respect to which the judgment is without appeal. But there are other consequences peculiar to an action for a debt of this class; such, for instance, as the judgment being without stay of execution, and these we must suppose to have been exclusively in the contemplation of the legislature, to whom-we ought not gratuitously to impute an intention to destroy a right secured by the constitution.
The remaining point is attended with still less difficulty. A prosecution for a criminal matter, whether by indictment, information, or action for the forfeiture, is not within the purview of the compulsory arbitration act, all the provisions of which are adapted exclusively to the proceedings in civil suits. But an omission to give notice of the time and place of the meeting of the arbitrators, is without the least smack of criminality whatever. The penalty is imposed not to punish, but to compensate; and, although the justice has ignorantly entitled the suit in the name of the commonwealth, for. the use of the party aggrieved, yet that cannot alter the nature of what the legislature had in view — satisfaction for a private injury, without the smallest cast of an offence against the public.
Judgment affirmed.