*349 The opinion of the court was delivered by
Gibson, C. J.
The government of the United States is con» stituted of state sovereignty set. apart 'for national purposes; and being a part of the government of each of the states respectively, it is not to be treated as a foreign government. It is sovereign in every’sense of the word; and we cannot, therefore, compel it to appear to anv action, pay costs, or without its leave, put' it on a footing with ordinary suitors. If it were subject to execution, the property of the nation might be taken in satisfaction of á private debt, even by a constable under.the authority of a justice of the peace. Such a power in the judiciary of a state, would be destructive of the cardinal objects of the federal compact. But as the nation is provided with a judiciary of its own, the states may allow it the use of their courts orí' their own conditions, or interdict it altogether. While the government descends to the level of a suitor, it necessarily devests itself of the attributes of sovereignty so far as to authorize the' tribunal to pass on its claims. Hence, where it sues, it submits itself beforehand to all such rules and regulations as are prescribed in similar cases: and where it thinks proper to appear as a defendant, it necessarily subjectsitself to the judgment of the court, although not to execution. It has. been held, that the government of the United States is bound to conform to municipal regulations in respect of land which it holds, hot as a sovereign, but as an individual. (The Commonwealth v. Young, Journ. Jurisp. 47.) Hence, did an intention to subject the United States tó all the provisions of the arbitration act, distinctly appear, we would be bound to enforce it. But such an intention is by no means clear. The fifst arbitration act was held to be inapplicable-to corporations, for reasons that hold with equal force in respect of all artificial persons; yet, when the legislature undertook to remedy the defect, they went no further than to provide for the ease of corporations specifically: consequently, those provisions are not, even on strict rules of construction, applicable to sovereignties, although corporations, because they are of more than equal dignity. But where the intention is at all open to interpretation, the curtesy which prevails,among even independent states, ought to be decisive. In a system so complicated as .ours, conflicts will always ensue from an intemperate use of power. Our national compact is founded in the very spirit of compromise; and to accomplish the paramount objects of the union, it will be essential in cases of doubtful right, for the depositaries of authority, whether stale or federal, to abate something of what might otherwise be their legitimate‘pretensions: else every collision must end in a convulsion.
In Backwater v. The United States, (11 Serg. & Rawle, 193,) it was determined that the arbitration act does not embrace actions on penal statutes; and, hence, it might, to say the least, be doubted *350 here, whether the reference were not altogether void; in which state of the case, the cause would be still, depending without the appeal. But that point is not before us; and on the question submitted, we are of opinion that the United States are entitled to appeal without the affidavit.or security required in other cases,'and without payment of costs.
Huston, J., dissented.
Judgment reversed, and the appeal reinstated.