[SUNBURY, JUNE 25, 1829.]

## MEVAY *against* EDMISTON.

### IN ERROR.

An action for the penalty given by the act of the 28th of *March*, 1814, for taking illegal fees, may be arbitrated under the act of the 20th of *March*, 1810.

WRIT of error to the Court of Common Pleas of *Mifflin* county, in an action of debt, brought by *Mevay* against *Edmiston*, to recover the penalty of fifty dollars for taking illegal fees as sheriff. The suit was commenced before a justice, who gave judgment for the plaintiff. The defendant appealed, and entered a rule of reference in the Court of Common Pleas. The arbitrators found in favour of the defendant, and the court refused to set aside the reference and report.

*Fisher*, for the plaintiff in error, insisted, that the arbitrators had no jurisdiction of the cause, and cited, *Buckwalter* v. *The United States*, 11 *Serg. & Rawle*, 193. *The Commonwealth* v. *The Commissioners of Philadelphia County*, 8 *Serg. & Rawle*, 151. *Respublica* v. *Cobbett*, 2 *Yeates*, 352. *Reed* v. *Cist*, 7 *Serg. & Rawle*, 183.

*Wilson*, contra, answered, that the act of the 28th of *March*, 1814, under which this action is brought, places the forfeiture on the footing of any other debt, as regards the mode of recovery. He cited *Prior* v. *Craig*, 5 *Serg. & Rawle*, 44. *The Commonwealth* v. *Bennett*, 16 *Serg. & Rawle*, 243.

The opinion of the court was delivered by

GIBSON, C. J.—A criminal prosecution, whether it be by indictment or action, is not within the purview of the compulsory arbitration act; as in the case of an action to recover a penalty for a breach of the revenue laws. *Buckwalter* v. *The United States*, 11 *Serg. & Rawle*, 193. On the other hand, an action for a penalty which is imposed, not to punish the act as an offence, but to compensate the party aggrieved, as in the case of a penalty for omitting to serve notice of the meeting of arbitrators, which is strictly a private injury, may be referred at the option of either party. *The Commonwealth, for the use of Rogers,* v. *Bennett*, 16 *Serg. & Rawle*, 243. What is the character of taking illegal fees in violation of the act of the 28th of *March*, 1814? The fact constituted the crime of extortion at the common law; but, by the twenty-sixth section, a penalty is given to the party injured, to be recovered " as debts of the same amount are recoverable;" from which, it would seem, that the legislature intended to repeal the common law as respects extortion committed in violation of this act; in other words, to change the character of the injury from a public to a private

(Mevay *v.* Edmiston.)

wrong.. And this appears the more satisfactorily, not only because it had been directed in a previous law, that a remedy provided by statute should be pursued in exclusion of the remedy at the common law, but because the means of prosecution are put, in every respect, expressly on the footing of an action for a private injury. This provision alone, then, if other arguments were wanting, would be decisive of the question; and we are satisfied that the reference was valid.

Huston, J. was absent, in consequence of indisposition.

Judgment affirmed.