# Daniel Kent *vs.* Robert B. Holliday.

Where a plaintiff took no exception to the action of the court in overruling
a *ne recipiatur* to the defendant's demurrer, but *joined* in demurrer, he
cannot be heard to say that the demurrer was not interposed at the
*proper time.*

In an action against a partnership firm on a partnership contract, all those
who were partners at the time of the contract ought to be joined as de-
fendants, for such a contract is a *joint* contract.

A declaration, which discloses that there was a joint-contractor, at the
time the contract sued on was made, and does not aver he was dead,
or a non-resident of the county, or account in any other way for his not
being joined in the action, is bad on *demurrer*.

Such defect in a declaration is a defect in substance, which could be avail-
ed of by general demurrer, and the law applicable to such a case is
not changed by the Act of 1856, ch. 112.

To a declaration against the acceptor of a draft, framed under the Act of
1856, ch. 112, the defendant may plead that he did not *promise* as alleged,
such promise being implied by law from the facts stated in the de-
claration.

There is no error in admitting in evidence the bill of exchange *mentioned
in the declaration*, that declaration having been decided to be sufficient;
in deciding a question presented by an *exception* this court is confined to
the *facts stated in it*, and cannot look to other parts of the record.

A prayer that, under the pleadings and evidence in the cause, the plaintiff
is not entitled to recover, is, since the Act of 1825, ch. 117, too general.

APPEAL from the Circuit Court for Calvert county.

*Action*, brought on the 24th of August 1857, by the appel-
lee, as endorsee, against the appellant, as acceptor, of a bill of
exchange. The pleadings are sufficiently stated in the opin-
ion of this court. The record shows there was filed in the
case, at the same time as the declaration, a bill of exchange,
dated the 14th of Oct. 1854, at four months, for $500, drawn
by J. T. Lyles upon, and accepted by, Thomas H. Kent
of Jos. & Co., payable to the order of R. G. Mackall, and
endorsed by him and one James Hackett.

*1st Exception*. The plaintiff having first proved the signa-
tures of the drawers, acceptors, and of Mackall, the endorser
of the bill of exchange, mentioned in the declaration filed in
this cause, offered to read said bill of exchange in evidence
to the jury, but the defendant objected to the admissibility of
said bill of exchange in evidence under the pleadings in the
cause. This objection, the court (BREWER, J.) overruled,
and allowed said bill of exchange to be so read in evidence,
and to this ruling the defendant excepted.

*2nd Exception*. In addition to the evidence set forth in the
first exception, made part of this, the plaintiff proved that
Thomas H. Kent of Jos., never had been a resident of Cal-
vert county, and there rested. The defendant then asked the
court to instruct the jury that, under the pleadings and evi-
dence in this cause, the plaintiff is not entitled to recover.
This instruction the court refused to grant, and to this ruling

the defendant excepted, and the verdict and judgment being against him, appealed.

The cause was argued before LE GRAND, C. J., BARTOL and GOLDSBOROUGH, J.

*N. Brewer, Jr.*, for the appellant:

1st. The first question in the case arises upon the defendant's demurrer to the declaration. The plaintiff having *joined* in demurrer, and not having taken any exception to the action of the court in overruling his *ne recipiatur* to this demurrer, because of the previous plea and issue, it is too late now for him to make the objection. But besides this there was a demurrer by the plaintiff to the defendant's *second* amended plea, which was sustained by the court, and this demurrer mounts up to the first error in pleading. 10 *G. & J.*, 27, *State vs. Nichols.* The sufficiency of the declaration is, therefore, clearly up for review, and it is insisted that the variance between the writ and the declaration is fatal on demurrer. The suit is against Kent in his individual capacity, whilst the declaration, on its face, discloses a *joint* contract of the defendant and Thos. H. Kent of Jos. *Coll. on Part.*, 419, 420, *(Ed. of 1834.)* In the case of *Merrick vs. Bank of Metropolis*, 8 *Gill*, 74, 75, it was decided, that if the declaration discloses that the promise is joint, it is necessary to aver that the other joint promissor is dead, or to account for his not being joined in the action, or it is bad upon demurrer or writ of error. It was not necessary, therefore, to plead in abatement, in order to take advantage of this objection. See, also, on this point, 1 *Chitty's Pl.*, 46, 47. 13 *Md. Rep.*, 117, 122, *Balt. Cemetery Co., vs. Independent Church. Smith's Lead. Cases*, 294.

2nd. The defendant's second plea was good, and the demurrer to it should not have been sustained. If the defendant was liable at all it was by reason of having, as acceptor, *promised*, by his acceptance, to pay the bill at maturity. This promise was necessarily implied from his acceptance, and therefore was properly traversed by this second plea. *Act of* 1856, *ch.* 112, *sub-ch.* 2, *Art.* 6, *sec.* 80.

---

---

3rd. The questions presented by the exceptions relate to the variance between the declaration and the bill of exchange offered in evidence, and, it is submitted, this variance is fatal. The *narr.* states the draft was drawn by J. T. Lyles & Co., when the record shows it was drawn by J. T. Lyles. The *narr.* states, that it was accepted by Daniel Kent and Thos. H. Kent of Jos. & Co., whereas the draft offered in evidence was accepted by Thos. H. Kent of Jos. & Co. The *narr.* states, that the draft was endorsed by Mackall to the plaintiff, whereas that offered in evidence was endorsed by Mackall to Hackett, and the endorsement of the latter was not proven. It should not, therefore, have been admitted in evidence. 1 *Greenlf. on Ev.*, secs. 56, 58, 64, 66, and cases there cited. 1 *Phillip's Ev.*, 506. 2 *Camp.*, 305, *Jones vs. Mars.* 3 *Camp.*, 463, *Hodge vs. Fillis. Ibid.*, 247, *Roche vs. Campbell.* 3 *Bos. & Pull.*, 456, *Turner vs. Eyles.* 4 *Term Rep.*, 611, *Gordon vs. Austin.* 2 *H. & G.*, 182, *Ferguson vs. Tucker.* 3 *Gill*, 190, *Turner vs. Maddox.* 4 *H. & J.*, 283, *Hunt vs. Edwards.*

*Wm. G. Ridout* and *A. B. Hagner*, for the appellee:

1st. After the defendant's plea, that he did not accept the bill of exchange as alleged, on which issue was joined, and which was never withdrawn, nor any leave asked from the court to do so, it was too late to plead in abatement, or to obtain the benefit of the non-joinder in any other manner. 4 *Gill*, 166, *Chapman vs. Davis.* 8 *Gill*, 74, *Merrick vs. Bank of Metropolis.* But if the question raised by the demurrer to the declaration is before the court, we insist there was no error in the action of the court thereon. The supposed informality in the plaintiff's proceedings, was, that the writ and *narr.* were against the defendant alone, while the bill offered in evidence was accepted by the firm of which Thos. H. Kent of Jos. was a member, and, therefore, the action should have been against him also. But, it is submitted, it was not necessary to declare against the other member of the firm, and that the suit against the defendant, as a member of it, will be sustained. 7 *Term Rep.*, 597,

Kent *vs.* Holliday.

*Churchill vs. Gardner.* 19 *Ark.*, 701, *Hicks vs. Maness.* 1 *English*, 24, *Hamilton vs. Buxton.*

2nd. But if it were erroneous to omit to sue the other partner, advantage could only be taken of the omission by plea in abatement. 1 *Chitty's Pl.*, 46. *Cary on Part.*, 120, 121, 122, in 5 *Law Lib.*, 49. *Chitty on Bills*, 579, 580, (*Ed. of* 1839.) 3 *H. & J.*, 572, *Brown vs. Warram.* 8 *Gill*, 74, *Merrick vs. Bank of Metropolis.* Act of 1856, *ch.* 112, *sub-ch.* 1, *Art.* 2, *sec.* 31, *Art.* 7, *sec.* 132, and *sub-ch.* 3, *form* 84.

3rd. The rulings in the exceptions were also correct. There was no such variance between the bill offered in evidence and that declared on, as to render the former inadmissible in evidence. *Chitty on Bills*, 579 to 582, (*Ed. of* 1839.) Besides, the objection to the evidence was too general; if any part of it was admissible there was no error in overruling the objection to the whole. 6 *Md. Rep.*, 407, *Hatton vs. McClish.* A party may offer his evidence in what order he pleases. 6 *Md. Rep.*, 525, *Warner vs. Hardy.* The prayer in the second exception was too general. 6 *Md. Rep.*, 526, *Warner vs. Hardy.*

Le Grand, C. J., delivered the opinion of this court.

This suit was brought by the appellee, as endorsee, against the appellant, as acceptor, of a bill of exchange. The writ was issued against the defendant in his individual capacity. The declaration alleges, in substance, that J. T. Lyles & Co. drew their bill of exchange, and directed the same "to the said defendant *and one Thomas H. Kent of Joseph*, trading under the name of Thomas H. Kent of Jos. & Co., requiring them to pay to R. G. Mackall, or order," &c., "and the said defendant and the said Thomas H. Kent of Joseph, trading as aforesaid, accepted the said bill," &c.

The defendant demurred to this declaration, upon the ground, substantially, that it sets forth as cause of the action, a *joint* obligation of the defendant with one Thos. H. Kent of Jos., trading under the firm of of Thomas H. Kent of Jos. & Co., and that the suit should have been against the

Kent *vs.* Holliday.

*joint acceptors* in their partnership capacity, and not against the defendants in his *individual* capacity. The plaintiff entered a *ne recipiatur* to this demurrer, upon the ground, it is presumed, that the defendant had *previously pleaded* to the declaration, but the court overruled this motion, and the *plaintiff* then joined in the demurrer. Upon this state of the case, no exception to this action of the court having been taken by the plaintiff, he cannot be heard to say, that the demurrer was not interposed at the proper time.

The first question then is, ought this demurrer to have been sustained, the court below having overruled it, and the judgment being against the defendant?

The declaration clearly states the case of a joint contract, and the general rule is, that, in such a case, all the joint contractors must be joined as defendants. "In an action against a partnership firm on a partnership contract not under seal, all those who were partners at the time of the contract, ought to be joined as defendants; for a contract when made with partners is originally a *joint* contract, though it may be separate as to its effects." *Coll. on Partnership,* 419, 420, *(Ed. of* 1834.*)* But, it is said, that the omission to join as defendant a party jointly liable, can only be availed of by plea in abatement. Such is undoubtedly the general rule, but it is equally well settled, that if it expressly appear on the face of the declaration, that the party omitted is still living as well as that he jointly contracted, the defendant *may demur,* move in arrest of judgment, or sustain a writ of error. 1 *Chitty's Pleadings,* 46.

In this case, the declaration is silent as to whether the other joint contractor is dead or alive; it says nothing upon the subject. There is much conflict in the authorities whether in such a case a demurrer will lie. On the one hand, there is high authority for saying, that in order to authorise a demurrer the declaration must *expressly state* that the party omitted is still living. On the other hand, decisions of equal weight have held, that the non-averment of the death of the defendant who is omitted, is *a sufficient admission that he is still alive;*—that having shown there was a joint-contractor at

Kent vs. Holliday.

the time of the contract made, the presumption is that he is still alive, unless the plaintiff will rebut the presumption himself has raised by showing that he is dead. It is difficult to determine to which side the preponderance of authority on this question inclines. The former Court of Appeals, in the case of *Merrick vs. The Bank of Metropolis*, 8 *Gill*, 74, has said, however:—"If the *declaration* discloses that the promise is joint, it is *necessary to aver that the other is dead*, or to account for his not being joined in the action, or it is *bad upon demurrer* or writ of error." And in the case in 5 *Greenleaf's Reps.*, 443, there referred to, it was held that the declaration was fatally bad for want of an averment that the co-promisors were dead at the time of the commencement of the action, and the court adds: "There seem to be no more reason for obliging a defendant in a plea in abatement, after averring that there was a co-promisor, who is not sued, to go on and aver his life, than there is for bliging a plaintiff, who discloses in his declaration that there was a co-promisor who is not sued, to go on and aver his death. The averment of life is essential to the sufficiency of the plea; and the averment of death to the sufficiency of the declaration."

To these authorities we must adhere, and, as this declaration discloses, that there was a joint contractor at the time this contract was made, and does not aver that he was dead, or a non-resident of the county, or account in any other way for his not being joined in the action, the demurrer thereto should have been sustained.

We have carefully examined the Act of 1856, ch. 112, and can find nothing in its various provisions changing the law as applicable to this case. The defect in the declaration is a defect in substance, which could be availed of by general demurrer.

After the demurrer had been overruled, the defendant filed four amended pleas, so called: 1st that he never was indebted as alleged; 2nd, that he did not promise as alleged; 3rd, that he did not accept the said bill of exchange as alleged; and 4th, that said bill was not duly presented for acceptance as alleged. The plaintiff demurred to the 1st and

50    v.17

2nd of these pleas, because they traverse matters not alleged in the declaration, and joined issue upon the 3rd and 4th. The court overruled the demurrer as to the first plea; but sustained it as to the second. This latter decision is also before us for review on this appeal.

If the reversal or affirmance of the judgment depended upon our decision of the propriety of this ruling, we should not reverse the judgment, because no injury has been wrought the appellant thereby. He could have availed himself, at the trial, of every defence under the pleas upon which issue was joined, that he could under the present plea. But as matter of practice, and looking to the forms of pleading prescribed in, and to the other provisions of the Act of 1856, chapter 112, under which these proceedings were had, we think this second plea was properly interposed. The declaration neither states in terms, an indebtedness or a promise to pay, but states facts from which both are implied by law, and both were proper subjects of denial by pleas.

The case was then tried upon issues joined upon the 1st, 3rd and 4th pleas, and two exceptions taken by the defendant to the rulings of the court.

In the posture in which the case stood at the trial, the court's ruling in the first exception was clearly correct. The court having overruled the demurrer to the declaration, the latter, in deciding this exception, is to be treated as a valid declaration. After the proof set out in this exception, the plaintiff offered to read in evidence to the jury, the "*said bill of exchange;*" that is, as we are informed in the exception, the bill "*mentioned* in the declaration." The exception gives us no information of any other bill than that declared on in the *narr.* and we cannot travel through other parts of the record to find any other. The bill mentioned in the declaration was clearly admissible in evidence, that declaration having been decided to be sufficient. Whether there be any such variance between the bill of exchange found elsewhere in the record, and that declared on, as to render the former inadmissible as evidence under the declaration, we need not decide.

We also think the ruling in the second exception was correct.

A prayer that, under the pleadings and evidence in the cause, the plaintiff is not entitled to recover, is too general. This has been so frequently decided by this court, since the passage of the Act of 1825, chapter 117, that no reference to the authorities is necessary.

*Judgment reversed and procedendo awarded.*

( Decided October 29th, 1861.)