MAX NATHANSON *vs.* JACOB SPITZ, *et al.*

The Judiciary Act, cap. 13, § 18, provides : "No judgment, without complete satisfaction, rendered against a part only of the defendants in any action upon a joint contract, shall be a bar to any future action on said contract, for any unsatisfied balance due, against such of the defendants upon whom or whose estate the writ in the original action shall not have been served."

Under the implication of the statute and the established practice in this State, where in an action against several defendants on a joint contract service of the writ can be made upon a part only of them, the action may proceed and judgment be rendered against such of the defendants as have been served with process.

ASSUMPSIT on certain checks signed by defendants Adams & Spitz. Certified from the Common Pleas Division on demurrer to a plea in abatement.

*April* 17, 1895. TILLINGHAST, J. At the time of the suing out of the plaintiff's writ in this case, the defendants, Samuel Adams and Jacob Spitz, were copartners in business under the firm name of "Adams & Spitz," at Boston in the State of Massachusetts, where they both resided. The writ was served by arresting the defendant Spitz while temporarily in this State, and by sending an attested copy of said writ by mail to the defendant Adams, at Boston. The defendant Spitz entered a special appearance for himself and filed a

plea in abatement on the ground that there had been no legal service upon the defendant Adams, the other joint obligor in the contract sued on; to which plea the plaintiff demurred. The only question raised, therefore, by the pleadings is as to the sufficiency of said service. The substance of the contention of counsel who appears for said Spitz in support of his plea in abatement is, *first,* that the liability. of partners on a firm obligation is, during the lives of the partners, joint and not joint and several; and hence that the partners must sue and be sued *jointly;* and *second,* that in regard to service of process, the common law makes no distinction between partners and other joint obligors, and hence that they all must be served with process before judgment can be obtained against any of them, even though some are non-residents. ·

As to the first point. It is doubtless true that independently of any statute the liability of a partnership for the debts thereof is a joint and indivisible liability; and hence that all of·the partners must be joined in a suit for recovery of such debts. Dicey on Parties, Truman's ed. p. 285, Rule 56; Bates on Partnership, § 1049 and cases cited; *Pearce* v. *Cooke,* 13 R. I. 184; *Page* v. *Brant,* 18 Ill. 37; *Kent* v. *Holliday,* 17 Md. 387.

As to the second point. At common law, when one of several joint defendants was out of the jurisdiction of the court, so that it was impossible to obtain service upon him, the plaintiff might institute proceedings of outlawry against such non-resident defendant, and after judgment of outlawry had been obtained against him the plaintiff could proceed to recover a separate judgment against the defendants served with process. 3 Cooley's Blackstone Comment. 281–283; *Edwards* v. *Carter,* 1 Strange, 473; Tidd's Practice, \*130; 1 Chitty on Pleading, \*42. The proceeding of outlawry in civil cases, however, is unknown in the United States; and if there are any cases of outlawry in criminal cases even, they are very rare. In England, also, it has long been obsolete in civil proceedings, and was formally abolished by the Civil Procedure Acts Repeal Act, 1879, 42–3 Vict. *c.* 59. In

criminal proceedings even, it is but little used, but is formally kept alive by 33–4 Vict. *c.* 23.   In *Hall* v. *Lanning,* 91 U. S. 160, Mr. Justice Bradley in delivering the opinion of the court said : "In most of the States legislative acts have been passed, called joint-debtor acts, which, as a substitute for outlawry, provide that if process be issued against several joint-debtors or partners, and served on one or more of them, and the others cannot be found, the plaintiff may proceed against those served, and, if successful, have judgment against all.   Various effects and consequences are attributed to such judgments in the States in which they are rendered. They are generally held to bind the common property of the joint-debtors, as well as the separate property of those served with process, when such property is situated in the State, but not the separate property of those not served ; and, whilst they are binding personally on the former, they are regarded as either not personally binding at all, or only *prima facie* binding on the latter."

In this State, while there is no statute which in express terms goes to this extent, although by the Judiciary Act, cap. 13, § 17, partnership debts become joint and several on the decease of one of the partners ; *Pearce* v. *Cooke,* 13 R. I. 184 ; yet, there is a statute which practically accomplishes the same result.   We refer to the judiciary Act, cap. 13, § 18, which provides as follows :   "No judgment, without complete satisfaction, rendered against a part only of the defendants in any action upon a joint contract shall be a bar to any future action on said contract, for any unsatisfied balance due, against such of the defendants upon whom or whose estate the writ in the original action shall not have been served."   It is clearly to be implied from this statute that service on a part only of the defendants in an action upon a joint contract is sufficient to give the court jurisdiction.   And it is doubtless by reason of the existence of said statute, which appears in substantially the same form as early as the revision of 1844, that the settled practice in this State, in cases like the one now before us, has been to serve the writ upon such of the defendants as are within the jurisdiction

thereof, and to proceed only against them for the breach of such contract. See *Winslow* v. *Brown*, 7 R. I. 95.

Moreover we see no reason why the return of *non est inventus* made by the sheriff in this case as to the defendant Samuel Adams, may not properly be treated as equivalent to the common law process of outlawry. The writ was properly sued out against both of the defendants and the return thereon shows that the plaintiff has done all that he could to bring them both into court; and having succeeded as to one of them it would seem that he ought to be allowed to proceed to obtain a judgment against him. See *Dillman* v. *Schultz*, 5 Serg. & Rawle, 35; *Tappan* v. *Bruen*, 5 Mass. 193. But, however this may be, we are clearly of the opinion that under the statute above quoted and the uniform practice in this State, the case at bar may properly proceed against the defendant Spitz, upon whom only the writ was served. The demurrer is therefore sustained and the plea in abatement overruled.

*J. Jerome Hahn*, for plaintiff.
*Charles F. Stearns*, for defendants.