*Saturday,*
April 1st.

GRATZ *against* PHILLIPS and others, Executors of SIMON.

Amendment of a declaration in account render permitted, by adding to a count which charged the defendants' testator as bailiff and receiver of the plaintiff, a count charging him as bailiff &c. of the plaintiff as surviving partner of A. although the writ corresponded with the first count.

ACCOUNT render against the executors of *Simon*, who was stated by the writ to have been the bailiff and receiver of *Michael Gratz*. Pleas, never bailiff or receiver, and fully accounted.

*Rawle* on a former day obtained a rule to shew cause why the declaration should not be amended by inserting a count in which the plaintiff was described as *surviving partner, and his interest as having been held by him jointly with a certain* Barnard Gratz *deceased;* and now in support of the rule, he cited *Slipper* v. *Stidstone* (a), *Hancock* v. *Hayman* (b), *French* v. *Andrade* (c), and *Ditchburn* v. *Spracklin* (d).

*Phillips* contra, urged that the new count would be a variance from the writ, and would put the defendants to the necessity of meeting a different allegation from that which they came prepared to encounter.

But the court without difficulty made the rule absolute; observing, in answer to the last suggestion of *Phillips*, that a continuance would be granted if the defendants were in danger of a surprise.

Rule absolute.*

* The reporter has been favoured by Mr. Rawle with a short note of the case of *Jennings* v. *Cox executor of Gayworth*, decided before SHIPPEN President, in 1789, in which a variance between the declaration and the writ was held by our practice to be immaterial.