The opinion of the Court was delivered by
Tilghman, C. J. —
The Court had a right to permit the amendment; and the defendants, if they were surprised by it, were entitled to a continuance of the cause, but they did not ask for it. The action was on a bond with collateral condition, and the plaintiff might have assigned as many breaches as he pleased. The amendment was not changing the action. The new breach related to the neglect or nonperformance of Shannon's duty as Sheriff. It has been determined, that under our Act of Assembly, the Court may permit the plaintiff, in an action of covenant, to assign hew breaches, which is the same in principle, as assigning new breaches of the condition of the bond. There was no error therefore in allowing this amendment. The second bill of exceptions, was to the Court’s opinion in suffering evidence to be given, to prove that Thomas Painter, a witness called by the defendant, was interested in the cause. The objection to this evidence is, that the plaintiff having examined Painter on the voire dire, could not resort to other evidence to prove his interest. In general, the rule is so. But the peculiar circumstances of the present case took it out of the rule. Painter answered on the voire dire, that he did not know whether he was interested or not; so that the plaintiff got no satisfaction from him. He had a right therefore to resort to other sources of information. The fact was, that Painter had been security for Seitzinger, in a bond of indemnity to Shannon, for returning nulla bona, on Lazarus’s writ of fieri facias. He was directly interested, therefore, in the event of the suit. But he had forgot his having joined in that bond, or at least he was doubtful of it; and *450 therefore answered, that he did not know whether he was interested or not. It was necessary, therefore, to resort to other evidence; and the Court was right in permitting it.
Several- questions were proposed to the Court by the counsel for the defendants* which are placed on the record, with the answers to them, and errors are assigned in some of these answers.
1. This action was commenced immediately after the Sheriff had refused to levy on Fox’s printing press, and before the return of the writ. The defendants asked, whether this action could be supported before the return of the writ; and the Court was of opinion that it might. Without doubt it might, because the action is founded on the Sheriff’s neglect or breach of duty. It was his duty to levy, as soon as the writ came to his hands and the plaintiff shewed him property to levy on. But this he refused to do; and that was a breach of duty. Nevertheless it lay op the plaintiff to shew, that he had suffered damage ; and this could not be done without proving that the press was the property of Fox, and the plaintiff had lost his debt, or part of it, in consequence of the levy not being made. Whether Fox had any property in the press, was the main, point in the cause. To prove that he had not, a deed of conveyance to Seitzinger was produced; and the second error assigned is, that the Court was of opinion, this deed was not an absolute transfer of the property to Seitzinger, but left an interest in Fox, which was the subject of a levy.
2. The deed from Fox to Seitzinger, contains, in the first place, an absolute conveyance of the printing press, with all the types, and all the appurtenances, and the whole establishment, and outstanding debts, of a newspaper called “ The Times,” printed at Sunbury, in the county of Northumberland; in consideration whereof, Seitzinger was to pay eight hundred and fifty dollars, (seven hundred on the execution of the deed, and one hundred and fifty in fifteen months afterwards ;) but the deed contained also a proviso, by which, Seitzinger was permitted to relinquish the bargain at any time he might choose, and on a re.-delivery of the property, he was to receive from Fox any money which he had expended on it. When it is considered, that the deed was executed after Lazarus .had obtained his judgment, and at a time *451 when Fox was In debt to more than the amount of his whole property, it is evident, that such a transfer was fraudulent against creditors, because it prevented the recovery oí tfieir ‘ debts, without vesting the property absolutely, and for good consideration, in am body else. It has all the appearance of a cover, under which the property of Fox might be protected from his debts. His affairs had come to a crisis. The execution of Lazarus was at hand. But having defeated that, Seitzinger might have returned the property to Fox, or he might have continued to keep it as long as he pleased, subject always to his right to return it, and annul the bargain. Such a mockery of creditors the law yvill not endure. And indeed, the defendants seemed sensible that the deed would not answer their purpose ; and therefore resorted to a subsequent parol agreement, by which Seitzinger was to keep the press as his absolute property, and pay five hundred dollars for it, of which four hundred dollars' were to be applied to pay debts due from Fox, and one hundred dollars to go to Fox himself; and the defendants proved that Seitzinger did pay one hundred dollars to Fox and four hundred dollars to several of his creditors. No doubt the Court was right in deciding, that the deed did not convey an absolute property to Seitzinger, but left an interest in Fox, which was subject to the plaintiff’s execution. As to the parol agreement, the Court left it to the jury to decide, whether, .under all its circumstances, it was not fraudulent, as respected Lazarus. This, the defendants say, ought not to have been left to the jury; and that is the third error assigned;
3. There may be a conveyance of property for good consideration, and yet it may be fraudulent against creditors. If A. has a judgment against B. and is about to take out an execution, and C. purchases the goods of B. at a false price, with the view of defeating A’s execution, the sale is mala fide, and fraudulent as to A.; and he may levy on the goods as the property of B. Now in the transaction between Fox and Seitzinger, there were several suspicious circumstances. Instead of paying eight hundred and fifty dollars, the price fixed in the deed-, no more than five hundred dollars were to be paid by the parol agreement. Then as to paying Fox's debts, to the amount of four hundred dollars, there was no schedule, ascertaining the persons whose debts were to be *452 paid, nor the amount of their debts. Much was left in the p0wer 0f Seitzinger; and in such a state of uncertainty, he compel the creditors to a compromise. But what is very material, there was evidence that Seitzinger several times declared, the plaintiff should not get one ' cent of his debt. I do not see, how, from the evidence, the Court would have been justified in giving a positive opinion, as the defendant’s counsel requested, that there was no fraud in this transaction. On the contrary, it was a case peculiarly proper for a jury. There certainly was ground for a suspicion, that all was not fair towards Lazarus. But there were no decided facts, on which the Court could assume the decision of the case, as matter of law.
These are all the material points in the questions proposed by the defendants’ counsel and answered by the Court. On the whole, I am of opinion, that there is no error in the record ; and therefore the judgment should-be affirmed.
Judgment affirmed.