*100 The opinion of the court was delivered by
Duncan, J.
The questions raised on this record, are not without their difficulties. On a contract for a specific sum, debt for rent, three hundred and seventy-five dollars, the plaintiffs declared for two distinct years’ rent, each three hundred and seventy-five dollars, in separate counts. After verdict for a less sum than three hundred and seventy-five dollars, does the verdict cure it? This is not an action for use and occupation; in which case there is only an implied contract, and no precise sum agreed on; for this is debt on an express contract, and for a certain sum. Neither is it a case of miscasting, where several sums are laid qua: attingint in toto, to a sum exceeding the queritur. There is no doubt but debt will lie for a sum uncertain, but capable of liquidation; and even then the writ must be for a sum certain, and the plaintiff may recover less, though'without a deduction; but he certainly cannot recover more. In Ingledew v. Cripps, 2 Lord Raym. 815. Salk. 659, it was held, that there is a difference. Where the duty to be recovered is certain, and entire, upon the face of the contract or specialty, the demand of more than is due is bad, and cannot be cured by verdict, or aided by entry of a remittitur. But where the duty is composed of several parcels, a demand of more than is due may be aided by a remittitur of the overplus; for the party must recover according to the proof, and not the demand. This principle is recognized by Serjeant Williams, in Note 6, to Duppa v. Mayo, 1 Saund. 285; and Mr. Justic'e Washington, in his very-able opinion, in U. S. v. Colt. 1 Peter’s Rep. 145, cites Barton v. Pomeroy, 1 Roll’s Abr. 276. Style, 175, which was debt for rent, as this is, and the plaintiff declared for more than was due by bis showing; and, on nil debet pleaded, had judgment for debt, damages, and costs. It was moved in arrest of judgment; for that the plaintiff had made an entire demand for rent, to a certain sum, when it appeared, he could not have an action for so much. Yet the court held, that he might release the surplus, and take judgment for the residue. If this had been a specialty, this had been fatal; or, had the defendant craved oyer of the original writ, and pleaded the variance, or demurred ; but this was not done, and the original writ is not before us judicially. Debt on bond, where oyer is given, a variance between the declaration and the bond may be taken advantage of on oyer, but is not matter of demurrer. Douglass and others v. Beam, 2 Binn. 76. After pleas pleaded, it is too late to take advantage of a variance between the writ and narr. 1 Munf. 76. In the King’s Bench, where the party proceeds by bill, the words at the beginning, “ of a plea that he render so much,” are superfluous, and may be rejected; and t.heie in debt on bill, the declaration would be good, although the sum demanded in the several counts, amount altogether to more than the sum first demanded.’ But in Communi Banco, and here, the debt is by original, and the decía *101 ration always begins.by stating, “ that the defendant was summoned to answer the pláintiff of a plea, that'he render him so much, &c, wherefore, &c. ” Each count here contains in itself a perfect demand of a certain sum, and the. reference,is to the sum in the queritur, as if the sum in',each count was'a part; the queritur therefore-is immaterial. And I incline to think, that if the sum declared for, exceed the sum in the writ, where the.party does not recover more than is in the writ, it is more niatter of plea in abatement than in bar, and cannot be taken advantage of on error.
There is an' increasing reluctance in'courts of justice, whqi’e a cause has been tried on its merits, to Overturn a series of expen-' sive'proceedings. It is for the convenience of suiters, and the public, that the real objections should be taken at the proper season, and Nought not to be permitted «to a party to increase the expense of litigation, by proceeding to trial, when, he himself thinks there is an objection in limine to the proceeding altogether. On filing this new declaration, he might then-have pleaded in abatement, and thus have prevented great expense'to the plaintiffs, or he might have dcipurred specially; but, having gone to trial,- he has past the time of objection. But there is a solid objection to this amendment. It was granted on the trial under the act of 1806; and although amendments previous to the trial, are matters discretionary, and not subject to a revision in courts of appeal and error, yet under this act they are mandatory. It is error to refuse an amendment desired on the trial, if the amendment, is within tie provisions of the act; it is, cpnsequehtly, error to grant it, where it'is not within the provisions of the act. In Young v. The Commonwealth, 6 Binn. 88, it wás- determined, that the discretion of the court was a legal discretion, subject to review by a Court of Error. In many r'espccts, the power is very salutary; but it tends to produce carelessness and delay, vexation and expense. In the .steam boat cause, before me at the last Nisi Prius, when many days had been spent in the examination of witnesses, it was discovered there was some defect in the declaration, and application was made to amend it. - The amendment being granted, the defendant, as is usual on these occasions, would not go on to trial: thus all this time was lost, ánd much cost incurred. But, on the whole, the provision is productive of more good than evil. In the case of a plaintiff, he might suffer a nonsuit, and therefore only be exposed to costs and delay; but, in the case of a plea by defendant, he might be deprived of1 a just defence by a defect in pleading. But ff it. were allowed to a party, under the leave to amepd, to set out a new\ cause of. action altogether, a single suit might be a business for .life. The'act was intended-to correct matters of form, standing in" the vvay of the merits. Ebersoll v. Krug, 5 Binn. 53. Shock v. M'Chesney, 4 Yeates, 507. Farmers and Mechanics’ Bank v Israel, 6 Serg. & Rawle, 295. And in Cassell v. Cooke, 8 Serg. & Rawle, 286, it.was determined, that the *102 alteration is confined not to mere matters of form; but in its terms, embraces every thing which'will áffeet the merits of the cause in controversy. The true criterion is, whether the alteration, in the proposed amendment, is a new and different matter, another cause of action; or whether it is the same contract or injury, and a mere permission to lay if in a manner which the plaintiff considers will best correspond with the nature of his complaint, and with his proof and the merits of his case. Here the matter was entirely new: it was a continuance of possession for another year by the permission and sufferance of the plaintiff. A tacit renovation of the old contract, by continuing for anotheryear. The first declaration gave him no notice of preparation for the second year. As well might the plaintiff have added a count on a bond. The judgment is for this cause reversed. But as it is made the duty of this court to decide on all the points made below, and the court think it will best answer the purpose to award a venire facias de novo, it is proper to give an opinion on the bill of exceptions, with respect to the receipts from David Trainer, guardian of the children of Nicholas Newlin, to whom the < ultimate estate was devised, after the plaintiffs, the trustees under the will of Thomas Newlin, had raised, from the rents and profits, two thousand dollars. Some evidence was given of declarations of the trustees, that they had raised that sum, previous to the defendant’s entering on his second year, and had given up the property to David Trainer. If the defendant had proved that he had attorned to Trainer, or that Trainer had leased to him for that year, I incline to think, that the receipts would have been admissible; but, as no evidence had been given of- this, it would seem to be a dangerous species of testimony. To admit these receipts, would be putting it in the power Of a party to make evidence for himself; and it may be, that the receipts, though purporting to havé been dated before, were not given until after the commencement of the action; and, as Trainer was a stranger, ought to have been proved by other evidence; these receipts, which were a kind of ex post facto evidence, of a lease from 1st of Jlpril, 1815, making the evidence of a previous tenancy. Under any circumstances, should this cause be tried again, actual payment of the money would be better evidence than the receipts; as the authority to receive the rent is called in question, and the allegation made, that the whole is an understanding and preconcerted plan between the defendants and Trainer, to prevent the raising of the two thousand dollars, directed by the will of the testator to be raised, and which, it is averred, never was raised.
Judgment reversed and a venire facias de novo awarded.