Per Curiam.
The counsel for the defendant have urged every argument in support of their motion of which the case admitted; but as the court has no doubt.on this subject, it is unnecessary to hear the counsel for the plaintiff. The act of assembly, under which the amendment, during the trial at Nisi Prius, was permitted, has long ago received an-construction from which it would be wrong to depart. The construction -is this. When the merits *83 of the case cannot be reached without an amendment, it is to be granted, provided that the cause of action be not changed. In Shock v. M’Chesney, the court refused an amendment, by which an action of slander would be converted into an action for a malicious prosecution. So, in The Farmers and Mechanics’ Bank v. Israel, where an action was brought on several promissory notes, an amendment was refused, by which several other notes would have been included in the action. In both these cases, the amendment asked for, would have enabled the defendant to recover on causes of. action-which he had not in contemplation when the suit was brought; But when the object of an amendment is, not to forsake the matter for which the action was truly and substantially brought, but to adhere' to it, and effect a recovery on it, it is the duty of the court to grant the amendment. For example, the plai-tiff declares in an indebitatus assumpsit for goods sold and delivered; but finding, on the trial, he is disappointed in the evidence, he asks permission to add a count on a quantum meruit. The amendment shpuld be allowed, because the substance of the action was, the value of the goods sold and delivered. It may be said, that this is introducing a different contract from that set out in the declaration;—and true, in form, it is. But the injury done to the plaintiff is the non-payment for goods sold by him to the defendant; and the additional count is only for the purpose of recovering damages for that injury. So, in an action on a policy of insurance, when the plaintiff declared on losses by capture by an enemy, and by perils of the sea', the court permitted an amendment, by adding a count for a loss by barratry. This might be called a new cause of action; but it adhered to the policy, by which the defendants engaged to indemnify the plaintiff from loss by barratry, as well as by capture and perils of the sea. The object of the action was to recover for a loss averred by the policy, and this amendment not going out of the policy, it was admitted. In construing this act of assembly, we have endeavoured to carry its intention into fair effect. If, in practice, its inconveniences are found to balance its conveniences, it is for the legislature to apply the remedy by a repeal. But, it would be’ injustice not to say, that it has been productive of good, as well as evil. It is sometimes abused, by artful counsel, for purposes of delay. But it frequently enables the plaintiff to recover on an. honest cause of action, instead of being thrown out of court, and driven to a new suit. We have therefore not restrained ourselves to carry a very strict construction, such as was made by the District Court, in the case cited from 2 Browne, 246, (Thackara v. Curren,) of which I cannot approve. That was an action of slander, by words spoken of the plaintiff, affecting him in his trade, which was set forth as that of a mason and bricklayer. He asked leave to amend by-calling his trade what it really was, that of a plasterer, and it was refused. That, surely, was in violation of the act of assembly *84 because the slander was the same, whether the plaintiff- was a mason and bricklayer, or a plasterer.
But, to apply the construction which the law has received from this court, to the case before us. The wrong complained of by the plaintiff, and for which he sought redress, was, the defendant’s misconduct, as his agent, in the sale of certain cottons consigned to him. This misconduct was set forth in various forms by the original declaration, and the plaintiff asked leave to add several other forms, tending to the same point. The substance 'of the same complaint was preserved in all these forms; that is, that the plaintiff had been injured by the defendant’s mismanagement of the business committed to him. We are of opinion, therefore, that the plaintiff was entitled to the amendment, and the judge who granted it, had no right to refuse it.
Defendant’s motion rejected.