[PHILADELPHIA, JANUARY 25, 1830.]

## DIEHL *against* M'GLUE.

### IN ERROR.

After the jury has been sworn, the plaintiff may, under the act of 21st *March,* 1806, amend his declaration, so as to state his cause of action in a different manner, but not so as to introduce a new and different cause of action.

Therefore, when the plaintiff has counted for work and labour done, he cannot add a count, setting up a claim for not being employed by the defendant, agreeably to a special agreement.

WRIT of error to the District Court for the city and county of *Philadelphia.*

The defendant in error was plaintiff below.

After argument by *Keemle* for the plaintiff in error, and *Brewster* for the defendant in error, the opinion of the court, (in which the point decided is fully stated) was delivered by

SMITH, J.—The declaration is in *assumpsit,* and contained, ori-

(Diehl *v.* M'Glue.

ginally, the following counts: 1. A count for goods sold and delivered, with a *quantum valebant.* 2. A count for work and labour done, with a *quantum meruit.* 3. A count for money had and received, and for money·paid, laid out and expended. 4. A common count, with an *insimul computassent.* On the trial, after the jury were sworn, and after the plaintiff's case was opened and some testimony given, the counsel for the plaintiff offered in evidence the deposition of *Benjamin Gidding,* which was objected to by the defendant's counsel, as inadmissible, under the counts in the declaration filed, so far as it introduced another and a new cause of action; whereupon the counsel for the plaintiff offered to· file an additional count, as an amendment to his declaration, for the purpose of giving evidence of the special matters contained in this deposition, to the filing of which the defendant objected; but the court admitted it, and the defendant excepted. The additional count was, in *substance,* this:—It set forth a special agreement, promise and undertaking, by the defendant, to find and furnish the plaintiff with constant and continued employment at coach or carriage-trimming, at the rate or price of twenty-five dollars for trimming gig-bodies, and at fifteen dollars for trimming volants, *for such length of time as should be mutually agreed upon* between the parties, and averred, that the said defendant did not furnish and provide the plaintiff with constant and continued employment, during all the time aforesaid; but neglected and refused so to do for the space of three months, and that he could have earned, during the said three months, five hundred dollars, if he had been found and furnished in constant employment, in the work aforesaid.

At common law, no such amendment would have been admitted, in this stage of·the cause; and the only question is, was it admissible under the sixth section of our act of the 21st of *March,* 1806. The construction of that act has been frequently submitted to this court; it is clear, that amendments under it are not confined to ·mere alterations of form; but that they may extend to all informalities, which affect the merits of the cause before the court. There is, however, nothing in the act which authorizes the court to permit a plaintiff to introduce another and a new substantive cause of action; for, as the late Chief Justice TILGHMAN remarked, such alterations might become instruments of great injustice and oppression; nor will a plaintiff, under this act, be permitted so to amend his declaration, as to vary the nature of his claim. 4 *Yeates,* 365.· If he could do so,. the mischief would be immense, and a monstrous grievance. If it were allowed to a party, so to amend as to set out a new cause of action, a single suit might be a business for life, as was correctly said in *Newlin* v. *Palmer,* 11 *Serg. & Rawle,* 101. In the last case upon this subject, *Rodrigue* v. *Curcier,* 15 *Serg. & Rawle,* 83, it was declared, that in construing the act, the court endeavoured to carry its intention into fair effect, and that, where the object of the amendment was, not to forsake the matter for which

(Diehl *v.* M'Glue.)

the action was truly and substantially brought, but to adhere to it, and effect a recovery on it, an amendment would be allowed; but not to enable the plaintiff to recover on causes of action, which he had not in contemplation when the suit was brought. I take the distinction to be, as established by this court, that the same cause of action may be variously stated, in different counts; but a new substantive cause of action cannot, on the trial, be introduced, in the shape of an amendment to the declaration. In the case before us, the plaintiff asked compensation for work and labour done, and for that alone. The defendant's letter of the 29th of *October,* 1823, produced by the plaintiff, clearly shows what this work was to be, and the price which was to be given for it. This constituted his claim originally; for this he brought his suit and filed his declaration, which did not give the defendant any notice of the new and different cause of action. The amendment which he offered on the trial, was to vary the nature of his original demand, and to set up a claim on a distinct special agreement, for *not* being employed by the defendant for three months at trimming gig-bodies, at the rate or price of twenty-five dollars, and fifteen dollars for volants. The case in 4 *Yeates,* 365, decided in 1807, soon after the passing of the act, determines, in principle, the present question. We are of opinion, that the plaintiff was not entitled to the amendment, and that the judgment of the District Court should, therefore, be reversed.

Huston, J.—In this case, I think the amendment was allowable on principle and on authority, independent of the act of 1806. This amendment was admissible before the jury were sworn. It is the practice to allow an amendment now, after the second term, (though it was not formerly) when the cause of action is substantially the same. 2 *Tidd's Prac.* 754, 755. Before the end of second term, you may add a count for an entirely different cause of action, if it is one which can be founded on the writ, and joined with the former counts.

What is meant by the same cause of action? Not the same contract laid in the same way: for there the redundant counts will be struck out (at the cost of the attorney, in some cases) but the variations in the manner of stating the cause of action must be substantial. 1 *Chitty Pl.* 392, 393.

The true criterion is, whether it is the same cause of controversy which is stated in the additional count; for if it is the same contract or controversy, it must be laid differently, or the new count is useless. If it is the same contract, or same injury, the party may, in a new count, lay it in a new way, to correspond with the proof and merits of the case. 8 *Serg. & Rawle,* 287, *Cassell* v. *Cooke,* and 11 *Serg. & Rawle,* 101, *Newlin* v. *Palmer.* If he adhere to the same ground of controversy, he may add a count substantially different from the former. 2 *Serg. & Rawle,* 1, *Cunningham* v. *Day.*

(Diehl *v.* M'Glue.)

And fully on this point 15 *Serg. & Rawle,* 81, *Rodrigue* v. *Curcier,* a declaration on a policy against perils of the sea, &c. amended by adding a count for loss by barratry. *Ib.* page 83.

I do not agree that the act of 1806 does not extend the right of the court to allow amendments, as well as the time of the amendment.

In all cases where any suit has been brought in any court of record within this commonwealth, the same shall not be set aside for informality, if it appear that process has been issued, in the name of the commonwealth against the defendant, for money due, or for damages by trespass or otherwise, as the case may be; that said process was served by the proper officer, and in due time; nor any plaintiff nonsuited for informality in any statement or declaration filed, or by reason of any informality in any plea; but when, in the opinion of the court, such informality will affect the *merits of the cause in controversy,* the plaintiff shall be permitted to amend his declaration, or statement, and the defendant may alter his plea, or defence, on or before the trial of the cause; and if, by such alteration, the adverse party is taken by surprise, the trial shall be postponed until the next term.    The word informality has been laid hold of: to me it seems it must be understood in a very broad and extended sense; it is to be of such kind as to affect the merits of the cause in controversy, and it may be of such extent as to change the matter trying so far, at least, as to take the adverse party by surprise, and require a postponement of the cause.

The matter in controversy here was this: the plaintiff had, at the instance of the defendant, gone to *Havanna,* and worked for the defendant several months; the dispute was, how much was due, and this depended on what was the contract.    The plaintiff filed the common counts; not because he had no special contract, but because he did not know he could prove one.   A man came from *Havanna* who could prove the contract, and the court allowed a new count, stating the same controversy, the same hiring; but instead of a *quantum meruit,* a special agreement for a certain price per job, and an engagement to pay for lost time, if not constantly employed.    To me it seems it was the same controversy; the same general cause of action; the same voyage; the same work, but at a fixed price, and the additional agreement to find constant employment, and is within the spirit of the act, and the decisions of this court above cited.

I will just add, in 1 *Binn.* 588, *Gratz* v. *Phillips,* the writ and declaration charged the defendant as bailiff and receiver of plaintiff, and the court permitted a new count to be filed, in which the plaintiff was described as surviving partner of *B.,* and his interest as having been held jointly with a certain *B.* deceased.

So in 8 *Serg. & Rawle,* 444, *Shannon* v. *Commonwealth,* in a suit on a sheriff's bond, the plaintiff was allowed to add new breaches after the jury was sworn.

Judgment reversed.