Per Curiam.

The original declaration was for fraud on the part of the defendant, in the manufacture of a quantity of shingles for the plaintiff. The new counts vary from it, in stating in addition, that the plaintiff was to furnish the defendant with suitable materials for making the shingles. We are of opinion that this is not setting forth a new cause of action. The first counts implied the same thing ; otherwise the action would have been for fraud in the sale of the shingles. The amendment, therefore, was rightfully permitted in the court below.[1]
The second exception relates to the decision of the judge, that the articles brought into court were not shingles. The defendant contended, that whether they were shingles or not, was a qestion of fact for the jury, and that his rights were not .to be affected by the circumstance of the evidence being more ■ or less strong on that question ; but it was ruled, that as the point was clear upon inspection, it was to be decided by the court. As the jury would have the whole case before them, this may seem to be a speculative objection ; but we think that in strictness the point thus decided was a question of fact, and the jury may have been unduly influenced, for they may have considered themselves not at liberty to find contrary to the decision of the court.[2]
The third exception is taken to the rejection of certain evi - dence. The defendant offered to show that the shingles were as good as could have been made from the materials furnished. By the contract as stated, the plaintiff was required to furnish suitable materials. The judge ruled that the evidence was inadmissible, because it was the duty of the defendant not to use the materials furnished, if they were not suitable. On this point we are of opinion that the decision was erroneous. The *377 defendant was not bound to work up unsuitable materials, but he might do so-if requested, and if the shingles were as good as could be manufactured out of such materials, the plaintiff could have no ground of complaint.
These two last exceptions are sustained, and a new trial is granted, to be had at the bar of this Court.

 See Kester v. Stokes, 3 Miles, 67; Cunningham v. Day, 2 Serg. & R. 1; Diehl v, M'Glue, 2 Rawle, 337; Brown v. Crump, 6 Taunt. 300 ; Lobdell v. Baker, 2 Metc. 469; Mixer v. Howarth, 21 Pick. 205; Bishop v. Baker, 19 Pick. 538; Heridia v. Ayres, 12 Pick. 334.

 See Tufts v. Seabury, ante, 140; Davis v. Jenney, 1 Metc. 223; Curl v Lowell, 19 Pick. 25.