## KESTER v. STOKES.

December 7, 1835.

*Rule to show cause why the plaintiff should not amend the narr.*

A count in the plaintiff's declaration is amendable by the substitution of another, although there is a difference between the two, both as to the terms of the agreement laid and the several breaches, where the *foundation and purpose* of the agreement itself are the same in each.

Thus, where a count sets forth to the effect that the plaintiff held three promissory notes, which he had received from the defendants by indorsement, and in payment of merchandize by him sold to them, and that they agreed and undertook to deliver to him, in exchange for these notes, *goods of equal value, or so much money as the notes on their face were worth,* that he accordingly gave up the notes to them, and assigns for breach, that they have not delivered him such goods or money ; it is *amendable* by the substitution of another, to the effect that the defendants agreed to deliver to the plaintiff, in exchange for the notes, *a specific quantity of goods, which he was to sell, and give them credit for the proceeds, and if the sum for which these goods should be sold, and to the extent of which a credit was to be allowed, should fall short of the aggregate amount of the notes, the deficiency was to be promptly supplied in money by the defendants;* that he received the goods, sold them, and credited the defendants with the proceeds, leaving a balance in money due him, according to the defendants' undertaking, and assigning for breach their non payment of that balance.

But the plaintiff cannot amend by introducing a cause of action wholly different from that in the original count, by incorporating the statement of a transaction between the parties, of which no trace is to be found in the original, and the undertaking of the defendants is made essentially to depend on this transaction, the breach of which undertaking is repugnant to that contained in the original count.

Thus, the original count above stated, cannot be amended by another which avers the undertaking of the defendants to be to pay him the difference between the proceeds of such goods received by him from them, and the sum of 5000 dollars, for which sum he had originally sold them goods, &c.

The court are bound to the same strictness, whether the application to amend be *before* or *at the time of* the trial.

THE *first* count in the declaration filed was special, and was in these words : "For that whereas heretofore, to wit on the 24th day of February, A. D. 1829, at, &c., he, the said plaintiff, owning and being possessed of three several promissory notes, *one* for the sum of

[Kester v. Stokes.]

1669 dollars, one other for the sum of 1100 dollars, and one other for the sum of 174 dollars, making in all the sum of 2943 dollars, all in favour of the said defendants, and which said notes had, before that time, been indorsed by said defendants, and given by said defendants to the said plaintiff, for goods, wares and merchandize by him, the said plaintiff, theretofore sold and delivered to said defendants, in consideration that he, the said plaintiff, at the special instance and request of the said defendants, would deliver to them, the said defendants, the said three promissory notes, to wit, at, &c., on the terms that they, the said defendants, should and would deliver to him, the said plaintiff, goods, wares and merchandize, at a reasonable price, sufficient to cover the amount of the said promissory notes, or pay him, the said plaintiff, the said sum of 2943 dollars, they, the said defendants, then and there undertook, and faithfully promised the said plaintiff, within a reasonable time then next following, to deliver him goods, wares and merchandize, at a reasonable price, sufficient to cover the amount of the said promissory notes, or to pay him, the said plaintiff, the said sum of 2943 dollars; and the said plaintiff in fact saith, that he, confiding in the said promise and undertaking of the said defendants, so as aforesaid made, did, afterwards, to wit, &c., &c., at &c., deliver to the said defendants the said three promissory notes, on the terms aforesaid, and was always ready and willing to receive from the said defendants, goods, wares and merchandize, at a reasonable price, sufficient to cover the amount of the said promissory notes, whereof the said defendants then and there had notice; yet the said plaintiff in fact saith, that although a reasonable time for the said defendants delivering to him, goods, wares and merchandize, sufficient to cover the amount of the said promissory notes, hath long since elapsed, yet the said defendants, not regarding their said promise, &c., have not, although often requested so to do, delivered to him, goods, &c., at a reasonable price, sufficient to cover the amount of the said promissory notes, nor paid the sum of 2943 dollars, although often requested so to do, but have hitherto wholly neglected and refused so to do, and still do neglect and refuse so to do, to wit, at the county aforesaid."

This was followed by the common counts: the first of these being *indebitatus assumpsit* for goods sold and delivered for a specific price; the second, *quantum valebat;* the third, money lent and advanced; the fourth, money had and received; the fifth, money paid, &c.; the sixth, account stated; and common conclusion.

[Kester v. Stokes.]

The declaration was filed October 8th, 1834. On the 1835, the plaintiff asked leave to file *another declaration*, with four additional counts, all of which were special. The *first* was an exact transcript of the special count contained in the declaration filed, so far as regards the description of the three promissory notes there mentioned, as to their several and aggregate amounts, their indorsement by the defendants to the plaintiff in payment for goods, wares and merchandize sold and delivered previously to the defendants by the plaintiff, with a similar allegation of the plaintiff's ownership of these notes, on the same day stated in the declaration, and continues; "in consideration that he, the said plaintiff, at the special instance and request of the said defendants, would accept from the said defendants a certain quantity of goods, wares and merchandize, and sell the same and credit the proceeds to them the said defendants, and deliver to them, the said defendants, the said three promissory notes, to wit, at, &c., on the terms that they, the said defendants, should and would pay to him, the said plaintiff, the difference between the proceeds of the said goods, wares and merchandize, and the said three promissory notes, they, the said defendants, then and there undertook and faithfully promised the said plaintiff *to pay him the difference between the amount of the three promissory notes,* and the proceeds of the said goods, wares and merchandize, and the plaintiff in fact saith, that he, confiding in the said promise and undertaking of the said defendants, so as aforesaid made, afterwards, to wit on the said 24th day of February, A. D. 1829, at, &c., *accepted from them,* the said defendants, the said goods, wares and merchandize, and did then and there deliver to them, *the said defendants, the said three promissory notes,* and afterwards, to wit on the 28th day of March, in the year last aforesaid, sold the said goods, wares and merchandize, and credited the said defendants with the proceeds of the said sale, to wit, at, &c., and the plaintiff in fact saith, that the difference between the said three promissory notes and the proceeds of the said goods, wares and merchandize, amounted to a large sum of money, to wit, the sum of 2129 dollars, &c., whereof the said defendants then and there had notice; yet the said plaintiff in fact saith, that the said defendants, not regarding their said promise and undertaking, have not, although often requested so to do, paid the said difference between the said promissory notes and the proceeds of the said goods, wares and merchandize, or any part thereof, to the said plaintiff."

[Kester v. Stokes.]

The *second additional* count was substantially and almost verbally the same as the first additional count, except that three promissory notes, alleged as before to have been owned and possessed by the plaintiff on the same 24th day of February 1829, are described as follows: " one for 1669 dollars, dated Philadelphia, September 30, 1828, payable six months after date *to the said plaintiff or order*, without defalcation, for value received, and *signed by said defendants;* one other for 1100 dollars, dated November 11, 1828, and payable six months after date to one *Thomas Powell, agent,* without defalcation, &c., and *by him* indorsed to the said plaintiff, *signed by the said defendants;* and one other, for 174 dollars; making in all the sum of 2943 dollars, *all in favour of said defendants,* and which said notes had before that time been indorsed by the defendants and given by the said defendants, (as in the first additional count and special count in the declaration filed)."

The *third additional* count, like the *first additional* one, at the beginning, was an exact transcript of the original special count, so far as regards the description of the three promissory notes, their several and aggregate amounts, their indorsement by the defendants to the plaintiff, in payment for goods, &c. sold and delivered previously to the defendants, with a similar allegation of the plaintiff's ownership of these notes on the same day there stated, and continues as follows : "and whereas the said defendants, on the 24th day of February A. D. 1829, at, &c., *were indebted to the said plaintiff in the sum of* 5000 *dollars, for divers goods, wares and merchandize, before that time sold and delivered to the said defendants by the said plaintiff, at their special instance and request,* in consideration that he the said plaintiff, at the special instance and request of the said defendants, would accept from them a certain quantity of goods, wares and merchandize, and sell the same and credit the proceeds to them, the said defendants, and deliver to them the said defendants the said three promissory notes, to wit, at the county aforesaid, on the terms that they said defendants would and should pay to him the said plaintiff the difference between the proceeds of the said goods, wares and merchandize, *and the said sum of* 5000 *dollars,* they the said defendants then and there undertook and faithfully promised the said plaintiff, to pay him the difference between the said sum of 5000 dollars, and the proceeds of the said goods, wares and merchandize." The subsequent part of this count was substantially and nearly verbally the same as the corresponding portion of the *first additional* count, except-

[Kester v. Stokes.]

ing only that the 5000 dollars are substituted for " *the amount of the three promissory notes*," the difference between which 5000 dollars and the proceeds of the sale of the goods credited to the defendant, is stated to be, as in the first additional count, 2129 dollars.

As to the first part of the fourth, and last of the additional counts, it may be described in the very words before used, in regard to a *similar part* of the second additional count, and the remainder corresponds, precisely, with the like portion of the *third* additional count.

Damage laid at 6000 dollars, as in the declaration filed.

*Perkins*, for the rule.
*Hubbell, contra.*

The opinion of the Court was delivered by

STROUD, J.—It is observable that in the first special count of the declaration filed, and in the first and third additional counts, no mention is made of the makers of either of the promissory notes; and a similar omission exists also in the second and fourth additional counts as to the *third* note described in these counts; nor is it stated when or where any of all such notes were made, or at what time they became due. These counts agree with each other, and with the other additional counts, in the several and aggregate amounts of the notes described in them. In the second and fourth additional counts the first two notes are said to be *signed* by the defendants, which though not the technical and appropriate word to designate their *maker*, would, in common parlance, so be taken to import. The first note in the second and fourth additional counts is stated to be drawn in *favour* of the plaintiff, and the *second* note in the same counts in *favour of Thomas Powell, agent.* And there is one allegation common to all the notes in each of the five special counts mentioned, as well those which are said to be *signed* by the defendants, as those the makers of which are not indicated, namely, that they came to the plaintiff by indorsement of the defendants, in payment of goods.

As the additional counts vary from each other in so many particulars, it will be proper to examine the present application in regard to each of these, separately compared with the original special count. For, as respects the common counts, it is obviously unnecessary to bestow attention upon them in this inquiry.

The settled construction of the amendment section of the act of

[Kester v. Stokes.]

1806 is, that any alteration may be permitted, consistent with the rules of pleading, which does not introduce a different and distinct cause of action from that originally declared upon. Smith *v.* Rutherford, 2 *Serg. & Rawle* 358 ; Cassell *v.* Cooke, 8 *Serg. & Rawle* 268 ; Rodrigue *v.* Curcier, 15 *Serg. & Rawle* 81 ; Diehl *v.* M'Glue, 2 *Rawle* 337 ; Proper *v.* Luce, 3 *Penns. Rep.* 65. Whenever, therefore, the proposed counts do but supply the *imperfections* of the original ones by the addition or modification of circumstances forming an essential part of the cause of action declared upon, they should be received. Great liberality must be indulged, or the law will be rendered nugatory, and the whole purpose of the legislature frustrated.

What, then, is the cause of action *originally* declared upon? Stripped of technical language, it is simply this : the plaintiff held three promissory notes, which he had received from the defendants by indorsement, and in payment of merchandize sold by him to them. The defendants agreed to deliver to the plaintiff, in exchange for these notes, goods of equal value, or as much money as the notes, on their face, were worth. The plaintiff complied with his part of the contract, and gave up the notes to the defendants ; but the defendants, although a reasonable time had been allowed them for this purpose, had refused to comply with any part of their stipulations. The plaintiff's obligation was fully *executed ;* the defendants' was still *executory,* although the time in which it should have been complied with had elapsed.

What is the cause of action stated in the *first additional* count? It sets forth the same general facts of ownership by the plaintiff of the three promissory notes, which may be considered as identical with those mentioned in the original count : the mode by which he became possessed of them, and the resulting obligation of the defendants to pay them is, in like manner, implied : that the defendants agreed to deliver, in exchange for these notes, a specific quantity of goods, which the plaintiff was to sell and give them credit for the proceeds ; and if the sum for which these goods should be sold, and to the extent of which a credit was to be allowed, should fall short of the aggregate amount of the promissory notes, the deficiency was to be promptly supplied in money by the defendants. As in the original counts, the plaintiff avers that he performed his engagement, and gave up the notes ; that he received the stipulated quantity of goods, which he sold for a certain price, which was much less than the amount due on the notes ; that he allowed the proper credit on

[Kester v. Stokes.]

this account, and demanded the balance, but the defendants refused to pay it.

Now, although there is a wide difference between these counts, both as to the terms of the agreement and the several breaches, yet the *foundation and purpose of the agreement itself is the same in each,* which distinguishes the present application, *so far as relates to the first additional count,* from Diehl *v.* M'Glue, and brings it fully within the *principle* of Proper *v.* Luce. In Diehl *v.* M'Glue, the only original count bearing the slightest resemblance to the amendment, was that for work and labour, which was a common count, while the amended one was special, predicated upon a contract which remained unexecuted; the breach assigned being for not suffering the plaintiff to perform what the contract required of him, and what he was willing and ready to perform. In Proper *v.* Luce, the original declaration was in slander, and set forth circumstances which accorded, in substance, and, in some instances, verbally, with the amendment, but omitted a part which was essential to constitute a good cause of action, and which was supplied by the amendment. The first additional count ought, therefore, to be received.

There is great want of perspicuity in the description of the promissory notes in the *second* additional count, and an apparent inconsistency; a part of the notes being stated to have been signed by the defendants, and drawn in favour of the plaintiff, and in immediate connexion it is alleged that all were drawn in favour of the defendants, and by them indorsed to the plaintiff. One is also stated to be drawn in favour of *Thomas Powell, agent,* and by him indorsed to the plaintiff. On the argument, the plaintiff's counsel (who has manifestly laboured under great difficulties from not having possession of the notes) expressed a wish to add an averment that *Thomas Powell,* agent, was the agent of the defendants; and I shall therefore consider this averment as actually made, and forming a part of this count. As these notes correspond, in respect to their amounts, severally and collectively, with those mentioned in the original special count, and as in the latter count no maker of the notes is named, there is a sufficient resemblance in the description of the notes mentioned in the two counts, to authorize the conclusion of their identity. This count is, therefore, to be received upon the principle which was applied to the first additional count.

But the *third* additional count introduces a cause of action wholly variant from that declared upon in the first original count. The

I.—K

[Kester v. Stokes.]

description of the three promissory notes is, indeed, similar, and the surrender of these to the defendants is the alleged consideration moving from the plaintiff in both. But the plaintiff has incorporated in this additional count, the statement of an important transaction between the parties, of which no trace is found in the original count, and the undertaking of the defendants is made to depend *essentially* upon this new transaction; and, moreover, the breach of this undertaking, which constitutes the plaintiff's injury, is *altogether repugnant* to the breach complained of in the original count. The cause of action, which is to be collected from the whole count, and which is sought to be introduced through the medium of the new count, was, manifestly, not in the contemplation of the pleader when the original declaration was filed, a test, according to Rodrigues *v.* Curcier, which may always be applied, in relation to proposed amendments, with decisive effect. Newlin *v.* Palmer, 11 *Serg. & Rawle* 98, is not a stronger case than the present, and *there*, as *here*, the application to amend appears to have been made not *on*, but *before* the trial, a circumstance which is noticed, because, in some of the reported decisions, expressions are found intimating that the court would be bound to greater strictness in the former than in the latter contingency. *On* or *before* the trial are, however, the words used in the act of assembly; and I can perceive no warrant to justify a distinction in the particular adverted to. The act of the court, in either case, is alike the subject of revision by the supreme court.

The remarks here made, in relation to the *third* additional count, have equal relevancy to the *fourth.* Both of these are, therefore, refused.

Rule accordingly.