The opinion of the Court was delivered hy
Sergeant, J.
It was settled soon after the passing of the Act of the 21st March, 1806, that the plaintiff is entitled to amend his declaration or add a new count at any time before or during the trial of the cause, provided he do not introduce a new cause of action. But what amendment does introduce a new cause of action, has given rise to frequent controversies; and in many instances the amendment has been refused as not coming within the limit prescribed. An examination of the decided cases will show that in actions ex contractu, so long as the plaintiff adheres to the original instrument or contract on which the declaration is founded, an alteration of the grounds of recovery on thát instrument or contract, or of the modes in which the defendant has violated it, is not an alteration of the cause of action. In an action on a policy of insurance, when the plaintiff declared on losses by capture by an enemy and perils of the sea, the court permitted an amendment by adding a count for a loss by barratry. The object of the action, says Tilghman, C. J. was to recover for a loss covered by the policy, and this amendment did not go out of the policy. Anon, cited by Tilghman, C. J. in Rodrigue *288 v. Curcier, (15 Serg. & Rawle, 83). So in Cassel v. Cooke, (8 Serg. & Rawle, 268,) in debt, the declaration stated an agreement of the 10th August, 1813, that Cooke should sell to Cassell an estate, for which Cassell covenanted to pay $325 per acre, viz. one-third on the 10th of April, 1814, one-third on the 10th of April, 1815, and one-third on the 10th of April, 1816, without interest. Cook covenanted to deliver to Cassell a good and sufficient deed on the 10th April, 1814, when Cassell was to give his bond for the remaining two-thirds, with security, if required. Possession was to bé given to Cooke on the 10th of April, 1814, and the parties were bound in a penalty of $100,000. Averments of performance by plaintiff. After the jury were sworn and some progress made in the trial, the plaintiff requested leave to add a new count, setting forth that the deed was not executed on the 10th April, 1814, at the defendant’s reque'st, in consequence of his inability to comply with his covenants; that it was understood the articles remained in force, and the defendant paid various sums to the plaintiff in part performance; that on the 13th January, 1816, a good and sufficient deed was executed, which the plaintiff tendered to the defendant on or about the 31st of January, 1816. This was objected to by the defendant, but admitted; and on error brought, was held to be right. “ It was,” says Mr. Justice Duncan, “ the assignment of a breach of the same covenant, on the same instrument, to be covered by the same penalty.” So in Shannon v. The Commonwealth, (8 Serg. & Rawle, 444,) it was held that in an action on a sheriff’s bond, the plaintiff might amend his declaration by assigning new breaches of the condition of the bond. “ The new breach,” says C. J. Tilghman, “ related to the neglect or non-performance of Shannon’s duty as sheriff.” And in that case, the Chief Justice states the very point now in question to have been already decided, for he says, “ it has been determined that under our act of assembly, the Court may permit the plaintiff in an action of covenant, to assign new breaches.”
In Cunningham v. Day, (2 Serg. & Rawle, 1,) the declaration was in indebitatus assumpsit for money had and received. It appeared on the trial that the plaintiff gave the defendant a mare and $25 in exchange for a horse. The horse turned out to have been stolen, and the plaintiff was obliged to give him up to the owner. The defendant had sold the mare for a tract of land and $25. The Court holding that the plaintiff could only recover the $50 received by the defendant without interest, the plaintiff had leave to amend by a new count founded on the special contract. This on error was held right, and, Tilghman, C. J. says, “ this was no change of the cause of action. The plaintiff had been mistaken in the form of his declaration, but it was the injury from the stolen horse for which he sought redress.” So where the plaintiff declared in assumpsit for breach of promise to convey land, it was held he might amend by setting forth again the breach of contract, blended with complaints *289 of fraud. Carter v. M‘Michael, (8 Serg. & Rawle, 441). In Rodrigues v. Curcier, (15 Serg. & Rawle, 81,) the wrong complained of by the plaintiff, and for which he sought redress, was the defendant’s misconduct as his agent in the sale of certain cottons consigned to him. This misconduct was set forth in various forms by the original declaration, and the plaintiff asked leave to add several other forms tending to the same point. The substance of the same complaints was preserved in all those forms; that the plaintiff had been injured by the defendant’s mismanagement in the business committed to him; and the amendment was allowed. ' In Gratz v. Phillips, (1 Binn. 588,) the writ and narr. in account-render, stated the defendant as bailiff and receiver of A. A new count was permitted, describing the plaintiff as surviving partner, and his interest as having been held jointly with a certain B. deceased.
On the other hand, where a new instrument or contract is introduced as a ground of action, the amendment is not permitted. Thus in Farmer’s Bank v. Israel, (6 Serg. & Rawle, 294,) the suit was against the defendant as indorser of two promissory notes. It appeared on the trial that the notes were not due; and it was held, that an amendment introducing five other notes entirely different, was not admissible. So in Newlin v. Palmer, (11 Serg. & Rawle, 98,) the plaintiffs declared on a demise by them to the defendant of a 'grist mill and tract of land, from the 1st April, 1814, for one year, at the rent of $375. Afterwards, by leave of Court, they filed an additional count, alleging, that the defendant after the expiration of the last mentioned term, viz. from the 1st of April, 1815, continued to occupy the demised premises as tenant to the plaintiffs until the 1st April, 1816, whereby he became liable to pay an additional $375. “ Here,” says Mr. Justice Duncan, “ the matter was entirely new, it was a continuation of possession for another year by the permission and sufferance of the pláintiffs. The first declaration gave the defendant no notice of preparation for the second year; as well might the plaintiff have added a new count on a bond;” and the judgment was reversed. In Canal Company v. Parker, (4 Yeates, 363,) the declaration having laid that the defendant was indebted to the plaintiffs for subscription to a canal company with interest; a new count was refused, which demanded the penalty of five per cent per month, under the act incorporating the company. In Diehl v. M‘Glue, 2 Rawle, 334, the plaintiff’s declaration in assumpsit contained counts for goods sold and delivered with a quantum valebant, work and labor with a quantum meruit, money had and received, money paid and expended. On the trial the plaintiff, to introduce evidence inadmissible under the counts as they stood, offered an additional count, stating a special agreement and promise by the defendant to find the plaintiff constant employment at coach or carriage trimming at a certain rate according to the kind of work, for such length of time as should be mutually agreed on, and breach thereof, which the Court below *290 received. This court, on error, held that it was improperly admitted, because it introduced a new cause of action.
In actions ex delicto, the rule is the same. The foundation of the complaint laid in the declaration must be adhered to, although the modes of stating that complaint may be varied by an amendment. Thus in Clymer v. Thomas, (7 Serg. & Rawle, 178,) in trespass, the declaration stated the act to have been committed in the township of Beaver, in the county of Union. The plaintiff was allowed to amend the declaration after the jury sworn, by inserting the name of Centre township instead of Beaver to correspond with the fact. The substance of the plaintiff’s case, says Tilghman, C. J. was a trespass committed by the defendants by cutting timber on the plaintiff’s land in Union county. So in slander, where the words in themselves are not actionable, but are laid as spoken of the plaintiff’s trade or calling, the trade may be amended. Rodrigue v. Curcier, (15 Serg. & Rawle, 83.) But in trover for an instrument under seal, an amendment is not allowable by introducing a count for another and different instrument not under seal, constituting a simple contract. Tryon v. Miller, (ante, p. 11.) To the same effect is the case of Keasby v. Donaldson, (2 Bro. 103), that in trover leave will not be granted to add other articles. And the plaintiff having declared for slander', shall not introduce trover or malicious prosecution, or libel. 4 Yeates, 507.
The effect of the act of assembly, says Mr. Justice Gibson, is to authorize the Courts to allow amendments, after swearing the jury, as fully as they could do at common law before that period, and also to enable a Judge at Nisi Prius to grant amendments, when the cause is about to be tried, which formerly could only be permitted in bank. Farmers and Mechanics Bank v. Israel, (6 Serg. & Rawle, 294). Wilson v. Hamilton, (8 Serg. & Rawle, 240.) At common law the rule was, that after the end of the second term, the plaintiff was allowed to add a new count, or amend his declaration, only where the cause of action was substantially the same, but not for a different right of action. 2 Tidd’s Prac. 754. The reason of this rule was that the plaintiff was obliged to declare within two terms, and a new right of action was considered as a new declaration. But amendments in, form or in substance, not varying the cause of action, could be made at any time, whilst the pleadings were in paper, and before they were entered of record, lb. Our act carries this right of amendment down to the very period of trial itself; and the construction has uniformly been, that while it nev.er intended to permit the plaintiff to change the cause of action, yet any amendment short of that, was within the letter and spirit of the act, whether in matter of form, or in matter of substance affecting the merits of the case.
In the present case the action was covenant on an agreement under seal, dated the 25th of July, 1806, between Edward Tilghman and *291 Tench Coxe, by which the former covenanted to purchase certain lands of the latter.
The original declaration contained four counts; and two additional counts were afterwards filed. All these set out in various forms a breach of one part of the agreement. The defendants craved oyer; and the agreement being set out, they put in ten pleas, to which the plaintiff replied or demurred. The plaintiff’s motion now is for leave to file ten new counts; the defendant’s, objections are, that the 1st, 2d, 3d, 4th, 5th and 6th contain assignments of breaches similar to those in the former counts, except that the 1st count avers that Tench Coxe was always ready to convey or cause to be conveyed— and that his executors after his death offered to cause the said lands to be conveyed to the executors or heirs ofE. Tilghman. The 7th, 8th, 9th and 10th counts of the new declaration are said to contain a new cause of action, because they set out a breach of another part of the agreement not alluded to at all in the old counts, namely of covenant by E. Tilghman, that Dr. Adam Kuhn would pay T. Coxe 25 cents per acre, for certain share of the lands, and also that the assignees of Joseph Thomas would pay the like sum for another share.
It is manifest from the principles already stated, that these amendments are allowable. The change in the first count is but another mode of alleging performance by the plaintiffs. The 7th, 8th, 9th and 10th, assign new breaches, but the plaintiff adheres to the same instrument on which the former declaration was founded. No other agreement is suggested or pretended; and it is set out at length by the plaintiff on the prayer of oyer made by the defendants.
Leave granted to file the ten new counts.