## Donaldson v. East Penn Electric Company.

*John F. Whalen* and *C. E. Burger*, for plaintiff.
*Otto E. Farquhar* and *M. M. Burke*, for defendant.

KOCH, P. J., November 10, 1930.—This action was brought to recover damages for injuries which the plaintiff sustained through a collision between two of the defendant's cars when she was a passenger in one of them on September 15, 1927, and the question· arises whether she may now amend her statement so as to recover for loss of earnings after she has declared in her first statement for a loss of income. Her business is that of conducting a store of her own. She concluded her original statement of claim as follows: "To recover for the pain and suffering and for the loss of income caused by the injuries due to the negligence of the defendant, plaintiff brings this suit." In her original statement she alleged that she was seriously injured in the collision and stated some of the particulars of her injury. She claimed in the neighborhood of $800 for moneys expended for medicine, surgical services and other expenses, and about "Twenty-five thousand dollars on account of loss of trade and being unable to look after her store due to her injuries." She set down $5000 as her claim for the pain and suffering that she had undergone and would undergo in the future, and alleged her belief that her condition was permanent. In the amended statement of claim she fixes her total damages as $35,000, and specifies them as composed of large sums expended for medicine, doctor bills, surgical services and other purposes incident to her proper care and treatment, past and in the future, and states her loss of earnings at $15,800, from September 15, 1927, to October 6, 1930, when the amended statement was proposed. In its answer to the motion and rule, the defendant denies the plaintiff's right to change her statement so as to make the measure of her damages "the loss of earning power in relation to plaintiff's business instead of loss of profits from the business," and avers that the statute of limitations bars it.

Does a change in a pleading, respecting the measure of damages, change the cause of action? Is not the real cause of action the physical injuries which the plaintiff received at the time of the accident? If those be the cause of action, the amended statement of claim does not materially differ in that respect from the original statement of claim.

This case was up for trial at the September Term of civil court in 1930, and when the plaintiff undertook to show her income in order to show her profits, the testimony was not admitted because profits are not a true measure of damages. The plaintiff then offered to amend her statement of claim in a form then stated on the record, but defendant objected and pled surprise if the amendment were allowed. The trial judge concluded that the case would have to be continued in such event, withdrew a juror and continued the case so that the rights of the plaintiff might be fully determined in the manner now under consideration.

Undoubtedly, in the first statement filed, the defendant sought to recover for the loss of trade, whereas by her amended statement she seeks to recover for the loss of her services in conducting her own store, which requires her special skill for its success.

In our opinion, the several elements which go to make the sum total of the plaintiff's damages do not constitute the cause of action. Were that so, each element would be a separate cause of action. The cause of those elements is the cause of action, and that cause is the negligent act or acts of the defendant that brought about the plaintiff's physical injuries, as alleged in the statement of claim.

In the case of Cassell v. Cooke, 8 S. & R. 268, 287, the Supreme Court said, respecting the amendment of the declaration: "... the true criterion is, *whether the alteration or proposed amendment, is a new and different matter—another cause of controversy; or whether it is the same contract or injury, and a mere permission to lay it in a manner which the plaintiff considers will best correspond with the nature of his complaint, and with his proofs, and the merits of his case.*"

A *cause* of action may not be changed. However, "When the *merits* of the case cannot be reached without an amendment, it is to be granted, provided that the cause of action be not changed. . . . But when the object of the amendment is, not to forsake the matter for which the action was truly and substantially brought, but to adhere to it, and effect a recovery on it, it is the duty of the court to grant an amendment. For example, the plaintiff declares on an *indebitatus assumpsit* for goods sold and delivered; but finding, on the trial, he is disappointed in the evidence, he asks permission to add a count on a *quantum meruit*. The amendment should be allowed, because the substance of the action was, the value of the goods sold and delivered. It may be said, that this is introducing a different contract from that set out in the declaration;—and true, in *form*, it is. But the *injury done* to the plaintiff is the non-payment for goods sold by them to the defendant; *and the additional count is only for the purpose of recovering damages for that injury:*" Rodrigue v. Curcier, 15 S. & R. 81. (Italics ours.)

In Stewart et al. v. Kelly, 16 Pa. 160, the plaintiffs sued for the sale of some hogs, but on the trial they showed that the hogs had not been in fact sold; they proved that the hogs had been in Baltimore ready for delivery and that the defendant had refused to accept them. The court below said the plaintiffs could not recover and refused to allow them to amend in accordance with the facts just stated. The Supreme Court reversed and said the amendment should have been allowed.

In Coxe v. Tilghman, 1 Wharton 282, the Supreme Court said, at page 287: "An examination of the decided cases will show that in actions *ex contractu,* so long as the plaintiff adheres to the original instrument or contract on which the declaration is founded, *an alteration of the grounds of recovery on that instrument or contract,* or of the modes in which the defendant has violated it, *is not an alteration of the cause of action"* (Italics ours). And, "In actions *ex delicto,* the rule is the same:" ibid, p. 289.

So we think the items which go to make up the plaintiff's damages are not the cause of her action; the cause of action is the negligence of the defendant which resulted in her injury.

"... it may be accepted as the settled rule in Pennsylvania, that an amendment of the ad damnum clause, without changing the ground of recovery relied on, does not introduce a new cause of action:" G. B. Hurt, Inc., v. Fuller Canneries Co., 263 Pa. 238, 242.

"In none of our cases has it been held, as it has been in some other jurisdictions, that a change in the measure of damages alone, disconnected with any other change in the pleadings, amounted to the introduction of a new cause of action:" Com., to use, *v.* Baxter, 235 Pa. 179, 188; G. B. Hurt, Inc., *v.* Fuller Canneries Co., *supra.*

We think the proposed amendment of the statement of claim so as to show that part of the plaintiff's damages was the loss of earning power instead of the loss of trade must be allowed.

And now, November 10, 1930, the rule to show cause why the motion to amend plaintiff's statement should not be allowed is made absolute.